```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**MICHAEL W. HOLLAND, et al.,**

    **Plaintiffs,**

**v.**                                    **CIVIL ACTION NO. 1:05-0042**

**GAPCO MINING CO., INC.,**

    **Defendant.**

## MEMORANDUM OPINION

Pending before the court is plaintiff's motion for summary judgment (Doc. No. 13). After reviewing the record and applicable case law, for the reasons discussed below, by accompanying Judgment Order, the court grants plaintiffs' motion for summary judgment and orders that this action be removed from the active docket of the court.

### I. Statement of Facts

This case is an action to collect delinquent contributions to two multi-employer trust funds under collective bargaining agreements signed between the United Mine Workers of America ("UMWA"), a labor union, and defendant Gapco Mining Co., Inc. ("Gapco"). This action was brought pursuant to Section 301 of the Labor Management Relations Act, 28 U.S.C. § 185; Section 502(e) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e); and Section 9721 of the Coal Industry Retiree Health Benefits Act of 1992 ("Coal Act"), 26 U.S.C. § 9721. Both involved plans are employee benefit plans within the

meaning of Section 3(e) of ERISA, 29 U.S.C. § 1002(3) and multiemployer plans within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

On or about March 9, 2001, defendant signed the National Bituminous Wage Agreement of 1998 ("1998 Agreement"). On or about May 20, 2003, defendant signed the National Bituminous Coal Wage Agreement of 2002 ("2002 Agreement"). The terms of Article XX(d) of both the 1998 and 2002 Agreements require defendant to pay into the two involved plans certain amounts based on each hour worked by defendant's classified employees. (See Doc. No. 14-1, Ex. A & B.) The Agreements further require defendant to make payments by the tenth day of each month covering amounts due based on the preceding month's operations, and to furnish monthly statements showing the full amounts due and payable based on the hours worked. Id. These statements are called Remittance Advice Forms.

The two involved plans conducted an audit of defendant covering hours worked during the period of March 9, 2001, through December 31, 2004. (See id. Ex. C.) This audit uncovered that defendant underpaid plans in the principal amount of $9,322.59. (See id. ¶ 3.) On January 14, 2005, the two plans filed a complaint against defendant to collect these delinquent contributions. In the ensuing litigation, plaintiffs filed

-2-

requests for admissions to which defendant has not responded. (See Doc. No. 14-1 at 3, Ex. D.)

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56 (2003). The moving party has the burden of establishing that there is no genuine issue as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-251. Significantly, "a party opposing a properly supported motion for

summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### III.  Analysis

As no material facts are in dispute in this case, summary judgment is appropriate. See id. at 247-48 (stating that summary judgment is appropriate where there is no genuine issue of material fact).  Here, the only defense defendant has mounted is a blanket denial of the allegations in its answer.  Such a denial does not provide enough of a dispute.  See Bouchat v. Balt. Ravens Football Club, 346 F.2d 924, 929 (4th Cir. 2003) (holding that to resist summary judgment, the opposing party must adduce "specific, nonspeculative evidence . . . . ").

Section 515 of ERISA, 29 U.S.C. § 1145 provides that: Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Here, defendants signed both the 1998 and 2002 Agreements, both of which require defendants to contribute to the two involved plans.  (See Doc. No. 14-1, Ex. A & B, Art. XX.) Plaintiffs' audit revealed that defendant was delinquent in

contributions under the plans in a total amount of $9,322.59. (See id., Ex. C ¶ 3.)

In cases where an employee benefit fund can determine the amount of damages, the burden of disproving the amount of damages shifts to the employer.  See Brick Masons Pension Trust v. Indus. Fence & Supply, Inc., 839 F.2d 1333, 1338-39 (9th Cir. 1988); Combs v. King, 764 F.2d 818, 825-27 (11th Cir. 1985).  As defendant has not provided any information countering plaintiffs' allegations, these allegations are now taken as true.

Further, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in actions brought pursuant to Section 515 of ERISA, the court shall award, in addition to any unpaid contributions, interest on said unpaid contributions, liquidated damages, and reasonable attorney's fees and costs.

Because no interest is set by the plans in this case, the interest rate is the rate set forth by Section 6621 of the Internal Revenue Code, 26 U.S.C. § 6621.  Plaintiffs have determined that the interest through August 25, 2005, is $1,001.04, plus $1.54 per day through the date of entry of this judgment.  (See Doc. No. 14-1, Ex. C ¶ 4.)  Because there have been 215 days between August 25, 2005, and the entry of the accompanying Judgment Order, defendant is entitled to a total of $1,332.14 in accrued interest.

Plaintiffs are also entitled to liquidated damages as provided by Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii).  Section 502(g)(2)(C) provides that the court shall, in addition to awarding interest, award the plan an amount equal to the greater of (i) the interest on the unpaid premiums, or (ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent of the plan's unpaid contributions.  See 29 U.S.C. § 1132(g)(2)(C)(i)-(ii).  The amount of liquidated damages here is provided in one of the two plan trust's documents, the 1993 plan.  (See Doc. No. 14-1, Ex. E.)  Article XII(4) of the 1993 Plan's Trust Documents provides for the assessment of liquidated damages in an award of $1,864.51, which is twenty percent of the premiums which are delinquent.

Additionally, plaintiffs are entitled to an award of an award of attorney's fees and costs, per Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).  Through July 31, 2005, plaintiffs had expended $1,300.00 in attorney's fees, and $286.29 in costs.  In their motion for summary judgment, plaintiffs request to be granted leave to submit an affidavit setting forth their total attorney's fees and costs within thirty days of the court's Judgment Order.  In the court's Judgment Order, said leave is granted.

## IV. Conclusion

For these reasons, it is appropriate to grant plaintiff's motion for summary judgment. By an accompanying Judgment Order, plaintiffs are awarded judgment against defendants for delinquent contributions in an amount of $9,322.59, interest calculated on that amount in an amount of $1,332.14, and liquidated damages in an amount of $1,864.51, for a total judgment excluding attorney's fees and costs of $12,519.24.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 30th day of March, 2006.

Enter:

*David A. Faber*
David A. Faber
Chief Judge